UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM J. GRACE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-475-JMB |
| ) | |
| CENTURION MEDICAL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is William J. Grace, Sr.'s civil complaint, and motion for leave to proceed in forma pauperis. For the reasons set forth below, the motion is denied, and this case is dismissed without prejudice to the filing of a fully-paid complaint.

Grace is incarcerated at the Northeast Correctional Center ("NECC"). In the Complaint, he acknowledges he is subject to 28 U.S.C. § 1915(g). Review of this Court's records show that while incarcerated, Grace has filed an action on three or more occasions that was dismissed for one of the reasons set forth in 28 U.S.C. § 1915(g).[1] As a result, this Court may grant him leave to proceed in forma pauperis only if he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Grace claims in the Compliant that the defendants were deliberately indifferent to his serious medical needs, in violation of his Eighth Amendment rights. In support, he alleges that in September of 2022, he suffered a collapsed lung and had to be hospitalized because the defendants had previously dismissed his complaints and failed to provide medical attention. He

---

[1] *See Grace v. Stubblefield*, 4:07-CV-1630 ERW (E.D. Mo. Oct. 18, 2007); *Grace v. Owens*, 4:08-CV-89 CDP (E.D. Mo. Apr. 17, 2008); *Grace v. Chastain*, 4:08-CV-598 FRB (E.D. Mo. Jun. 10, 2008); *Grace v. Allen*, 4:08-CV-619 CAS (E.D. Mo. May 16, 2008); and *Grace v. Jones*, 4:08-CV-620 FRB (E.D. Mo. Jun. 30, 2008).

believes the defendants should have diagnosed the problem sooner and alleges he "walked around the yard with a collapsed lung for a total of 4 days before he was rushed to Mercy Jefferson Hospital on September 28, 2022." Doc. [1] at 8. Grace filed the Complaint on or about April 14, 2023, more than six months after he was taken to the hospital.

Grace claims he is entitled to proceed in forma pauperis in this action because he is in imminent danger of serious physical injury. In support, he alleges his lung could collapse again at any time, and the defendants previously failed to promptly diagnose his problem. Grace also alleges that the defendants "had [him] retaliated on" by transferring him to a different prison at an unspecified time. *Id.* at 6.

An inmate subject to § 1915(g) is only eligible to proceed in forma pauperis if he is under imminent danger at the time of filing his complaint. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past harm are "insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan." *Id.* In the Complaint, Grace's allegations establish past harm. His speculation that his lung might collapse is not grounded in specific facts that indicate serious physical injury is imminent. Additionally, Grace does not allege, nor does it appear, that he is under imminent danger of serious physical injury due to his allegedly wrongful transfer.

The Court concludes that Grace's allegations do not demonstrate he is under imminent danger of serious physical injury. Therefore, the Court cannot grant him leave to proceed in forma pauperis. The Court denies Grace's motion for leave to proceed in forma pauperis and dismisses this case without prejudice to the filing of a fully-paid complaint. The Court also denies as moot Grace's motion to appoint counsel.

Accordingly,

**IT IS HEREBY ORDERED** that William J. Grace, Sr.'s motion for leave to proceed in forma pauperis, Doc. [2], is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that William J. Grace, Sr.'s Motion to Appoint Counsel, Doc. [4], is **DENIED** as moot.

Dated this 24th day of April, 2023.

          MATTHEW T. SCHELP
          UNITED STATES DISTRICT JUDGE